PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff,
SALVADOR GALLEGOS

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| SALVADOR GALLEGOS;<br><br>Plaintiff,<br><br>vs.<br><br>GENPACT SERVICES, LLC a foreign limited liability company; and DOES 1 to 10, inclusive;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [Cal. Civ. Code § 1788]**<br>**3. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

**COMPLAINT FOR DAMAGES**

**I.      INTRODUCTION**

1.      Salvador Gallegos (hereinafter "Plaintiff") brings this action to secure redress from Genpact Services, LLC (hereinafter "Defendant") for violations of the

Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 169, the Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Cal. Civ. Code § 1788, and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227.  The FDCPA prohibits false or deceptive practices in connection with the collection of debts.  The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.  The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (hereinafter "FCC").

## II.     JURISDICTION AND VENUE

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.  Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## III.    PARTIES

4.      Plaintiff is a natural person who resides in Coarsegold, Madera County, California 93614.  Plaintiff is a natural person from whom a debt collector seeks to

collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3) and a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

5. Defendant is a foreign limited liability company, headquartered at 105 Madison Ave., 2nd Floor, New York, New York 10016.  Defendant's registered agent for service of process is National Corporate Research, LTD, 615 S. Dupont Hwy., Dover, Delaware 19901.

6. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and the RFDCPA, Cal. Civ. Code § 1788.2(c).  Defendant regularly engages in the collection of debt by telephone in several states including, California.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.   FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff attempting to collect on an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

Thus the "alleged debt" is a "debt" as defined by FDCPA 15 U.S.C. § 1692(a)(5) and is a "consumer debt," as defined by RFDCPA, Cal. Civ. Code § 1788.2(f).

9. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at, but not limited to, Plaintiff's cellular telephone number (559) 960-2982.

10. Upon information and belief, Defendant continuously and repeatedly called Plaintiff's cellular telephone from the following telephone numbers (513) 878-4961, (513) 878-4926, (513) 322-3799, (513) 698-2421, (513) 766-8437, and (513) 878-3423.  At all times relevant, Defendant owned, operated, and/or controlled telephone numbers (513) 878-4961, (513) 878-4926, (513) 322-3799, (513) 698-2421, (513) 766-8437, and (513) 878-3423.

11. On or about March 22, 2014, Defendant called Plaintiff.  Plaintiff requested that Defendant cease all telephone communication to Plaintiff's cellular telephone and that Defendant only contact the Plaintiff via U.S. Mail.

12. Subsequent to March 23, 2014, Defendant called Plaintiff on one hundred and three (103) occasions over an approximately four week period.

13. On or about April 23, 2014, Plaintiff requested in writing that Defendant cease calling Plaintiff.  A true and correct copy of the above-referenced letter is attached hereto and included herein as Exhibit "A".

14. Subsequent to the April 23, 2014 letter, Defendant called Plaintiff on Plaintiff's cellular telephone on no less than three (3) occasions.

15. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

16. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

17. To illustrate the frequency of Defendant's collection effort, Plaintiff was contacted on four or more instances in a single day, by Defendant on multiple occasions. For instance and without limitation, on April 2nd, 3rd, 4th, 5th, 7th, 8th, 9th, 10th, 12th, 14th, 15th, 16th, 17th, 18th, 19th, 21st, 22nd, 23rd, 24th, 25th, 26th, 27th, and 28th, 2014, Defendant called Plaintiff on four (4) or more instances in a single day.

18. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

19. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

20. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

21. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

22. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (559) 960-2982 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential

number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

23.  Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

24.  Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on, but not limited to, the following dates and times:

(a) On or about March 22, 2014, Plaintiff orally revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone;

(b) On or about April 23, 2014, Plaintiff revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone in writing;

25.  At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

26.  Defendant is not a tax exempt nonprofit organization.

27.  Defendant's violation of the TCPA was willful.  Defendant's violation of the TCPA was willful because Plaintiff requested no less than two (2) occasions that Defendant cease contacting Plaintiff on Plaintiff's cellular telephone.

28.  Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than one hundred and six (106) occasions at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V.     FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692(d) by using conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff;

(b) Defendant violated 15 U.S.C. § 1692(d)(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly;

(c) Defendant violated 15 U.S.C. § 1692(d)(6) by placing telephone calls without disclosing Defendant's identity;

(d) Defendant violated 15 U.S.C. § 1692(e) by using any other false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

(e) Defendant violated §1692(e)(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

(f) Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

31. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

///

## VI. <u>SECOND CAUSE OF ACTION</u>

**(Violation of the Rosenthal Fair Debt Collection Practices Act,**

**CAL. CIV. CODE § 1788)**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civ. Code § 1788.11(b) by placing telephone calls without disclosing the caller's identity;

(b) Defendant violated Cal. Civ. Code § 1788.11(d) by casing the telephone to ring repeatedly or continuously to annoy the person called;

(c) Defendant violated Cal. Civ. Code § 1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute harassment; and

(d) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692(b) to 1692(j), inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act):

(i) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(d) by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

(ii) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(d)(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly;

    (iii)    Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(d)(6) by placing telephone calls without disclosing Defendant's identity;

    (iv)    Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

    (v)    Defendant violated Cal Civ. Code § 1788.17 by violating 15 U.S.C. § 1692(e)(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt; and

    (vi)    Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

35. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## VII.   THIRD CAUSE OF ACTION

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to

make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant's conduct violated the FDCPA, RFDCPA, and TCPA;

1  (b) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

(c) Actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1), Cal. Civ. Code § 1788.30(a), and 47 U.S.C. § 227(b)(3)(B);

(d) Statutory damages pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code § 1788.30(b);

(e) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) and Cal. Civ. Code § 1788.30(c);

(h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i) For such other and further relief as the Court may deem just and

/ / /

/ / /

/ / /

proper.

## IX.   DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: May 20, 2014              RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*